UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

JS - 6

CASE NO.: **CV 15-04783 SJO (GJSx)**     DATE: **July 2, 2015**

TITLE: **US Bank National Association v. Lior Alkoby et al.**

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

COUNSEL PRESENT FOR PLAINTIFF:        COUNSEL PRESENT FOR DEFENDANTS:

Not Present                                     Not Present

========================================================================
PROCEEDINGS (In Chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR LOS ANGELES COUNTY

This matter is before the Court on its own motion. On June 23, 2014, Plaintiff US Bank National Association ("Plaintiff") initiated this unlawful detainer action in the Superior Court of the State of California, County of Los Angeles. (*See generally* Notice of Removal ("Notice"), Ex. A ("Compl."), ECF No. 1.) Plaintiff alleges that Defendants Lior Alkoby and Juan Fernando ("Defendants") are unlawfully present on Plaintiff's property, which was purchased at a trustee's sale on February 26, 2014, after Defendants received notice to vacate on March 13, 2014. On June 24, 2015, Defendant Juan Fernando removed the action to this Court. (*See generally* Notice.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted). Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). Defendant Fernando argues that the Court has federal question jurisdiction. (Notice ¶¶ 7-10.)

Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted). A defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim. *See, e.g.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS - 6

**CASE NO.:** CV 15-04783 SJO (GJSx)     **DATE:** July 2, 2015

*Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002). Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," he may avoid federal jurisdiction by pleading exclusively state law claims. *Williams*, 482 U.S. at 392; *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, Plaintiff's Complaint asserts only one state-law cause of action for unlawful detainer and cites no federal law. (*See generally* Compl.) In the Notice, however, Defendant Fernando claims that he filed a demurrer arguing that the notice he was given failed to comply with "the Protecting Tenants at Foreclosure Act of 2009." (Notice ¶ 8.) At best, Defendant could use this as a defense to Plaintiff's claim, but federal defenses do not convert a state-law claim into a federal one. *Williams*, 482 U.S. at 392. Federal courts have held that a defense based on the Protecting Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction. *Aurora Loan Services, LLC v. Montoya*, No. 11-cv-2485 MCE (KJN), 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011) (citing *SD Coastline LP v. Buck*, No. 10-CV-2108 MMA (NLS), 2010 WL 4809661, at *1-3 (S.D. Cal. Nov. 19, 2010); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010)).

Defendant Fernando has failed to meet the burden of demonstrating that a federal question has been raised. Accordingly, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County. This action shall close.

IT IS SO ORDERED.